# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA, | )<br>)|
| Plaintiff, | )<br>) |
| -vs- | )<br>)   CIV-20-760-R |
| 2) $402,905.00 IN UNITED STATES CURRENCY, | )<br>)<br>) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges upon information and belief for this *in rem* forfeiture action brought against United States currency in the amount $402,905.00, (the "Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT *IN REM*

2. Defendant Currency consists of $402,905.00 in United States Currency seized by the Oklahoma Highway Patrol (OHP) during a traffic stop near mile marker 61, in Custer

County, Oklahoma, on February 26, 2020. The traffic stop occurred in the Western District of Oklahoma.

3. On March 5, 2020, Defendant Currency was adopted by the Drug Enforcement Administration (DEA), and is currently in the custody of the United States Marshal's Service, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

4. On May 4, 2020, Garrett Patrick Burke filed a claim of ownership to Defendant Currency with DEA to contest the administrative forfeiture of the Defendant *in rem*.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United States alleges that Defendant Currency is forfeitable to the United States under 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

11. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## FACTS

11. On February 26, 2020 at approximately 12:15 a.m., OHP Trooper Cody Hyde conducted a traffic stop on a black Buick Enclave, bearing Missouri License Plate TC1EOY, for speeding on Interstate 40 near mile marker 61. Trooper Hyde observed the Buick Enclave was traveling westbound on Interstate 40 prior to the traffic stop. This stop occurred in the Western District of Oklahoma.

12. After making the stop, Trooper Hyde approached the vehicle to make contact with its occupants. As he approached the vehicle, he could tell there were two occupants of the vehicle – the driver and a passenger in the front passenger seat. Upon initial contact with the vehicle, with the windows down, Troop Hyde noted a strong odor of air freshener and observed an air freshener hanging from the rearview mirror.

13. After making contact with the occupants of the vehicle, Trooper Hyde identified the driver of the vehicle as Garrett Patrick BURKE and the passenger as Alexander Scott FIERCE. Trooper Hyde asked for the driver's license and registration and conducted a registration check of the vehicle. This check determined that the Buick Enclave was a rental vehicle registered to EAN Holdings, 3446 South Noland RO, Independence, MO, 64055. At this time BURKE asked Trooper Hyde why he was stopped, to which he replied for speeding 76mph in a 70mph zone. Trooper Hyde stated that BURKE then replied that he had the "cruise set to 72."

13. Trooper Hyde requested to see the lease agreement for the vehicle to which BURKE complied. BURKE subsequently opened the center console storage compartment where

4

Trooper Hyde was able to observe a large rubber band bundle of U.S. currency along with several additional air fresheners. BURKE quickly closed the console and looked back at Trooper Hyde claiming he did not know where the lease agreement was located. At that time, FIERCE responded saying he had a copy of the document on his phone.

14. During the stop, Trooper Hyde spoke to BURKE and FIERCE separately to ask about their travel plans. BURKE and FIERCE gave inconsistent stories regarding their travel and that both of them were displaying signs of extreme nervousness.

15. Trooper Hyde ran a criminal history check and determined BURKE was previously convicted of misdemeanor possession of Marijuana in 2007 and felony dealing of marijuana in 2012. Trooper Hyde also determined FIERCE was previously arrested twice in 2008 for possession of marijuana as well as the possession of a controlled substance. Trooper Hyde asked for consent to search the vehicle and was denied consent. Trooper Hyde deployed K-9 Geist on the vehicle to conduct a free air sniff. During the free air sniff, Geist alerted to the presence of contraband on the vehicle's passenger side.

16. Based on Geist's alert, Trooper Hyde conducted a probable cause search of the vehicle. Before conducting the search, Trooper Hyde asked both BURKE and FIERCE if there were any drugs, weapons, or large amounts of currency in the vehicle, to which both responded in the negative. The search revealed $402,905.00 in U.S. currency concealed in a suitcase in the rear cargo area. The currency was wrapped in multiple rubber band bundles and concealed in the liner of the suitcase under a pile of clothes. The search of the rear seat area yielded five large empty duffle bags lined with carbon, which contained multiple dryer

sheets and residue of a green leafy substance. When opening the duffle bags the strong odor of marijuana emanated from the bags, which Trooper Hyde recognized based on his training and experience.

17. Trooper Hyde's video recording from inside his patrol vehicle revealed that both BURKE and FIERCE are aware of the bulk currency being in the vehicle. While the Buick Enclave is being searched, FIERCE utters, "What happens if they find it?" to which BURKE responds discussing having to post bail and encourages FIERCE to "not answer anything." Later in the search, BURKE can also be heard saying "it's a wrap right now, it's over, I'm about to be on the fucking news for this." Moments later, at the moment that the troopers locate the bulk currency, FIERCE can be heard uttering "son of a bitch." Multiple times throughout the video BURKE can also be heard making frustrated comments about wishing they stayed on Route 70, that he had "heard stories about Oklahoma," and that they only had 60 more miles left before they were out of the state.

18. Trooper Hyde, with the help of Troopers Doug George and Chase Miller, transported BURKE and FIERCE to Troop H Headquarters where DEA TFO Branson Perry met them. TFO Perry seized the cellular devices carried by BURKE and FIERCE, suspecting that they held evidence of drug distribution or bulk cash smuggling in violation of Title 21. OHP seized the $402,905.00 as well as the five large duffle bags.

19. TFO Perry conducted an interview with BURKE to question him regarding the bulk currency. During the interview, BURKE claimed that some of the bulk currency belonged to him, and some belonged to his father's 401k savings account. BURKE stated there

6

should approximately be $404,000.00 in the suitcase where the bulk currency was located. BURKE went on to state he was a professional gambler that had made approximately $120,000.00 in his gambling career. BURKE also claimed to be a truck driver by trade, stating he worked for Budweiser from 2012-2014, US Foods from 2014-2016 and for UPS from 2016-2018. BURKE refused to answer any more questions regarding the bulk currency without a lawyer present.

20. TFO Perry attempted to conduct an interview with FIERCE, but FIERCE denied, claiming the bulk currency did not belong to him and that he did not want to talk without a lawyer present.

21. BURKE and FIERCE were later released with their vehicle with a copy of the confiscated property receipt for the bulk currency and their cell phones.

22. As a result of the foregoing, Defendant Currency is liable to condemnation and to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in Defendant Currency; that Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney


/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8700
E-mail: wilson.mcgarry@usdoj.gov

## VERIFICATION

I, Sean Lively, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true of my own knowledge, except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _July 31_, 2020.

_____
Sean Lively, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this _31_ day of _July_, 2020.

_____  #37
NOTARY PUBLIC

**MIKE DUNN**
Notary Public - State of Kansas
My Commission Expires 07 27 2022

Attachment 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$402,905 in United States Currency

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson D. McGarry, Assistant U.S. Attorney
U.S. Attorney's Office, 210 Park Ave., Ste 400, Oklahoma City, OK 73102; Phone: 405.553.8700

Attorneys *(If Known)*
William H. Campbell
925 N.W. 6th Street, Oklahoma City, OK 73106
Phone: 405-232-2953

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Medical Malpractice | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. §§ 841 and 846
Brief description of cause:
Defendant Property constitutes or is derived from drug proceeds

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/03/2020 | s/Wilson D. McGarry |

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE